origina[l]

Earl Crago # 115357
Name and Prisoner/Booking Number

ASPC-SAFFORD-TONTO
Place of Confinement

896 South Cook Rd.
Mailing Address

Safford, AZ 85546
City, State, Zip Code

✓ FILED ___ LODGED
___ RECEIVED ___ COPY

OCT 1 4 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Earl F. Crago,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) David Shinn,
(Full Name of Defendant)

(2) State of Arizona,

(3) _____,

(4) _____,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CV-21-423-TUC-JAS(PSOT)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: ASPC-SAFFORD-TONTO / Safford Arizona

Revised 3/11/16                                    1                                    **550/555**

## B. DEFENDANTS

1. Name of first Defendant: __David Shinn__. The first Defendant is employed as: __Director__ (Position and Title) at __ADCRR__ (Institution).

2. Name of second Defendant: __State of Arizona__. The second Defendant is employed as: as: _____ (Position and Title) at _____ (Institution).

3. Name of third Defendant: _____. The third Defendant is employed as: _____ (Position and Title) at _____ (Institution).

4. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ (Position and Title) at _____ (Institution).

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☒ Yes   ☐ No

2. If yes, how many lawsuits have you filed? __Several__. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: __Earl F. Crago__ v. __Wayne Mooney, et al.__
      2. Court and case number: __CV-17-0513-PHX-ROS--ESW__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Settlement for $1,300.00__

   b. Second prior lawsuit:
      1. Parties: __Earl F. Crago__ v. __Dora Schino, et al.__
      2. Court and case number: __CV-06-443-PHX-EHC (JRI)__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Settlement for $2,000.00__

   c. Third prior lawsuit:
      1. Parties: __Earl F. Crago__ v. __Joseph Pitz, et al.__
      2. Court and case number: __CV-19-04532-PHX-ROS--ESW__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Still Pending.__

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.
• There are other cases but I do not have access to records.

### D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: <u>Access To The Court;</u> <u>First Amendment; Article 4 Section 2 Clause 1 Priviliges & Immunities of Citizens.</u>

2. **Count I.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☒ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   <u>See Attached Pages 3a —</u>

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   <u>Defendants have frustrated/impeded Plaintiff from bringing a non-frivolous</u>
   <u>State Post Conviction Relief Claim & Federal Habeas Corpus Petition about his</u>
   <u>criminal conviction and sentence.</u>

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☒ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count I?   ☒ Yes   ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?   ☒ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

   <u>Copy of Exhausted Requests for Administrative Relief Attached herewith.</u>

3

Plaintiff is confined in the Arizona Department of Correction, Rehabilitation and Reentry (ADCRR). The ADCRR Dep't. Order (D.O.) 902 - Inmate Access to the Courts states *The Department "shall not provide legal resource material except for the material in Attachment A and B set forth in this Department Order... and shall not possess older versions of the law; there are no archive services."

ADCRR does not provide prisoner access to Arizona Case Reporters, Federal Case Reporters, nor U.S. Supreme Court Case Reporters.

ARS [Arizona Revised Statutes] 13-4235 states in part that all petitions for post conviction relief (PCR) must contain "Legal citations and memoranda of... authorities."

PCRs are governed by Arizona Rules of Criminal Procedure 32. Rule 32.7(b) "A petition for post conviction relief ... must include a memorandum that contains citations to relevant... legal authorities." Rule 32.7(f) says "the court will return to the defendant any petition that fails to comply with this rule."

In some situations the Court is required to appoint counsel for PCR proceedings, but this only applies to PCR of Right proceedings, i.e., the first PCR filed within 90 days of pronouncement of sentence or 30 days after a mandate from the Arizona Supreme Court on a direct appeal issues. All other PCRs must be filed without the assistance of counsel (propria persona or pro per) by prisoners with no resources to hire an attorney.

In this situation a prisoner confined in the ADCRR cannot submit a petition that complies with ARS 13-4235 and/or Ariz. R. Crim. P. 32.7(b), and under Ariz. R. Crim. P.

-3a-

32.7(f) the court must return the petition because it fails to comply with the rule. The prisoner is then barred from seeking federal review under 28 USC 2254(a)(d) which requires the issue to be properly exhausted in state court proceedings before the federal court will review it.

This creates a pernicious barrier to court access for prisoners confined in the ADCRR.

Plaintiff wishes to raise two non-frivolous claims in a PCR regarding his conviction and sentence. First, the plaintiff was sentenced to release eligibility after completing 25 calendar years in prison. The Arizona Court of Appeals said this means the plaintiff can apply for commutation of his sentence after 25 years. Plaintiff completed 25 years in 2019. The Board of Executive Clemency Rules state the plaintiff can only seek commutation of his sentence if he is in "imminent danger of death" or "the sentence is clearly excessive". Plaintiff does not qualify under either standard and therefore has no release eligibility even though he completed his 25 year sentence.

Second, plaintiff recently learned that the justifiable homocide instruction used in his jury trial has been ruled fundamentally unconstitutional because it placed the onus upon the plaintiff to prove he acted in self defense instead of upon the state to prove he did not act in self defense.

Plaintiff cannot meet the requirements of ARS 13-4235 and Ariz. R. Crim. P. 32.7(b) without access to case reporters, and thus cannot file a PCR pro per.

This issue of access to the courts <u>affects all inmates</u> ~~for inmates~~ proceeding pro per in Rule 32 PCR proceedings. Plaintiff therefore request the court to certify this complaint as a class action pursuant to Fed. R. Civ. P. 23, and to appoint class counsel.

-3 C-

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Grievance Appeal

The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

*(To be completed by staff member initially receiving appeal)*
Received by: Campos
Title: COIII
Badge #: 31851
Date: 6/22/2021

**PLEASE PRINT**

| Inmate's Name (Last, First, M.I.) | ADC No. | Date |
|---|---|---|
| Crago, Earl | 115357 | 6/21/21 |

| Institution | Case Number |
|---|---|
| Safford/Tonto | 21-029750 |

TO: Director

I am appealing the decision of **Deputy Warden R. Hill** for the following reasons:

Arizona Rules of Criminal Procedure 32.7 requires that inmates in the ADCRR cite the controlling law for any issue I wish to raise in my Rule 32 PCR. ARS § 13-4235 says: "legal citations and memoranda of points and authorities are required" in the PCR. The ADCRR does not provide I/Ms with access to case law authorities. Thus ADCRR is impeding me from access to the courts because it keeps me imprisoned without access to the controlling laws that ARS and Ariz. R. Crim. P. require me to cite in order to access the courts while I'm confined. The ADCRR Director and the STATE OF ARIZONA are directly responsible for providing prisoners with the necessary tools to meaningfully access the courts.

Inmate's Signature: Earl F. Crago  Date: 6·21·2021
Grievance Coordinator's Signature: Campos  Date: 6·23·21

Response To Inmate By:
Location:

Staff Signature:
Date:

DISTRIBUTION:
INITIAL:  White & Canary - Grievance Coordinator
          Pink - Inmate
FINAL:    White - Inmate
          Canary - Grievance File

802-3P

**ARIZONA DEPARTMENT OF CORRECTIONS**
ASPC-Safford / Tonto Unit
Inmate Grievance Response
Case #21-029750

NAME: Crago, Earl      ADC# 115359      INSTITUTION: ASPC-Safford / Tonto Unit

Your grievance in the above referenced case has been reviewed; your grievance is:

[ ] Resolved
[X] Not Resolved

**Summarization of Complaint:**

In your grievance you state ADCRR does not provide inmate access to case law authorities and as a result, you cannot cite the controlling case law as required by the ARS and Rules of Criminal Procedure. You are requesting ADCRR provide access to the following: Pacific Case Reporters, Federal Case Reporters, U.S. Supreme Court Case Reporters. You also request if the state does not provide the Reporters, the State of Arizona *waive the requirement of citing legal citations and authorities in PCR proceedings.*

**Action Taken to Investigate the Complaint:**

Reviewed Department Order (DO) 902, Inmate Legal Access to the Courts.

**Summary of Findings:**

- DO 902, Attachment A, lists the legal texts and legal resource material that is required to be placed in the Reserve/Reference section of the General Library.
- DO 902, section 10.0, *authorizes* you to maintain personal legal reference books and materials in your hosing location.
- As stated in your Informal Response, this issue was elevated to the Legal Access Monitor, who advised ADCRR was not obligated to provide these materials, but a request has been made with the State Library to see if they were able to accommodate your request for information.

**Decision and Supporting Rationale:**

Your issue not resolved; as stated above, ADCRR is not obligated to provide the materials you are requesting.

You may elect to appeal this decision to the Director by submitting an Inmate Grievance Appeal, Form 802-3, within five workdays of receiving this response.

_____
Deputy Warden R. Hill

06/10/2021
Date

6/21/2021

Page 1 of 1
Case Number: 21-029750



# Inmate Grievance/Formal Response Notice
# Non-Medical

**Inmate Name:** EARL CRAGO

**ADC#:** 115357

**Prison/Unit:** SAFFORD/SAFFORD TONTO

**Bldg/Bed:** S06 2402A11B

## Case #:21-029750

## Formal Grievance

**Type:** Formal Approve

**Date Received:** 05/14/2021 02:59:00 PM

**Response Author:** ROXANNE HILL

**Responded On:** 06/10/2021 06:28:47 PM

**Decision:** Not Resolved

## Case Details

**Case Number:** 21-029750

**Grievance Status:** Not Resolved

## Case Data

**Prison of Complaint:** SAFFORD

**Opened Date:** 05/14/2021 02:59:00 PM

**Grievance Category:** Legal Access

**Unit of Complaint:** SAFFORD TONTO

**Grievance Stage:** Formal Answered

## Formal Grievance Response

**Responder Name:** ROXANNE HILL

**Due Date:** 06/21/2021 11:36:20 AM

**Response:** See attached Inmate Grievance Response

**Date/Time:** 06/10/2021 06:28:47 PM

**Result:** Not Resolved

☐ Override   ☐ Data Input Error   ☐ Unprocessed   ☐ Extension

**RestitutionRecommended:** No

## Formal Grievance Approval

**Approver Name:** ROXANNE HILL

**Due Date:** 06/21/2021 11:36:20 AM

**Date/Time:** 06/10/2021 06:31:19 PM

**Result:** Not Resolved

**Deputy Warden:** ROXANNE HILL



**Notice** : You may elect to appeal the decision of the Deputy Warden to the Director (form 802-1 Inmate Grievance, and/or form 802-7 GF Supplement) within five (5) workdays from receipt of the above response to the Grievance Coordinator by Ensuring the grievance procedure within their assigned unit and institution has been exhausted.



# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Grievance

| | |
|---|---|
| RECEIVED BY | Campos |
| TITLE | CO3 |
| BADGE NUMBER | 3651 |
| DATE (mm/dd/yyyy) | 5/28/21 |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Crago, Earl F. | 115357 | 5/28/2021 |

| INSTITUTION/FACILITY | CASE NUMBER |
|---|---|
| Safford/Tonto | 21-029750 |

TO: GRIEVANCE COORDINATOR

**Description of Grievance** (To be completed by the Inmate)

Arizona Rules of Criminal Procedure 32.7 requires that inmates cite the controlling law for any issue I wish to raise in Rule 32 post conviction relief proceeding. ARS §§ 13-4235 states "Legal Citations and Memoranda of points and authorities are required". The ADCRR does not provide I/M access to case law authorities. Thus, I cannot cite the controlling case law as required by the ARS and Rules of Criminal Procedure while confined in the ADCRR.

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

I filed an Informal Complaint Resolution attached herewith.
I'm requesting access to Arizona Case Reporters, Pacific Case Reporters, Federal Case Reportes, and U.S. Supreme Court Case Reportes, or for the state of Arizona to waive the requirement of citing legal citations and ~~memor~~ authorities in PCR proceedings and to make the waiver retroactive.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| Earl F Crago | 5/28/21 | [signature] | 05/28/2021 |

**Action taken by Documentation of Resolution or Attempts at Resolution.**

See attached Inmate Grievance Response.

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| [signature] | 3600 | 6-10-2021 |

DISTRIBUTION: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL: White – Inmate; Canary – Grievance File

802-1
12/12/13



## Inmate Grievance/Informal Response Notice
### Non-Medical

Inmate Name: EARL CRAGO

ADC#: 115357

Prison/Unit: SAFFORD/SAFFORD TONTO

Bldg/Bed: S06 2402A11B

### Case #: 21-029750

## Informal Complaint

**Type:** Informal Response

**Date Received:** 05/14/2021 02:59 PM

**Response Author:** JESSICA CAMPOS

**Responded On:** 05/27/2021 02:52:19 PM

**Decision:**

## Case Details

**Case Number:** 21-029750

**Grievance Status:** Open

## Case Data

**Prison of Complaint:** SAFFORD

**Opened Date:** 05/14/2021 02:59 PM

**Grievance Category:** Legal Access

**Unit of Complaint:** SAFFORD TONTO

**Grievance Stage:** Informal Submitted

## Informal Grievance Response

**Grievance Date:** 05/05/2021 12:00:00 AM

**Response Due:** 06/07/2021 02:59 PM

**Issue:** Legal Access

**Responder:** JESSICA CAMPOS

**Response:** This is a response to your informal complaint dated 05/05/2021 received by me on 05/07/2021. Your complaint has been elevated to the legal access monitor who states that ADCRR is not obligated to provide this information however they are attempting to make the request of the State Library to provide this information. At this time I can not resolve this issue.

☐ Unprocessed

**Officer's Name:** CAMPOS, JESSICA NMI

**Notice:** If you are dissatisfied with the Informal Complaint Response, you may file a formal grievance (form 802-1 Inmate Grievance, and/or form 802-7 GF Supplement) within five (5) workdays from receipt of the above response to the Grievance Coordinator by:
• Placing a single complaint on a single inmate Grievance form.

> **NOTE:** If multiple unrelated issues are on a single form or if a duplicate complaint is filed, the grievance shall be rejected and returned unprocessed.



# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Informal Complaint Resolution

**Complaints are limited to one page and one issue. NO ATTACHMENTS PERMITTED.** Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Crago, Earl | 115357 | Safford/Tonto | 5-5-2021 |

| To | Location |
|---|---|
| CO3 Guilliams | Programs |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Legal Access,

Arizona Rules of Criminal Procedure 32.7 requires that inmates cite the controlling law for any issue I wish to raise in Rule 32 post conviction Relief proceeding. ARS §§ 13-4235 states "Legal citations and memoranda of points and authorities are required" in Rule 32 post conviction Relief petitions. The ADCRR does not provide inmate access to case law authorities. Thus I cannot cite the controlling case law as required by the ARS and Rules of Criminal Procedures, while confined in the ADCRR.

I'm requesting access to Arizona case law, 9th Circuit Court of Appeals case law, and U.S. Supreme Court case law to prepair my Rule 32 PCR. Thank You.

**Inmate Signature:** Earl F. Crago
**Date:** 5-5-2021

Have You Discussed This With Institution Staff?  ☑ Yes  ☐ No

If Yes, give the staff member Name: Several different staff.

Distribution:  Original - Inmate
              Copy – Grievance Coordinator File

802-11
12/19/12



RECEIVED 5/7/2021

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

INJUNCTION Requiring the State of Arizona and the ADCRR to provide prisoners access to Arizona Case Reporters, Federal Case Reporters, United States Supreme Court Case Reporters, and Shepherds to sherphardize controlling legal authorities.
Monetary Damages to include filing Fees and damages for violating 1st Amendment Rights and Article 4 Section 2 Clause 1 rights.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  October 4, 2021
                    DATE

_Earl F Crager_
SIGNATURE OF PLAINTIFF

_N/A_
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

(Signature of attorney, if any)

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

4